IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PABLO TORRES,                          )
                                       )
        Plaintiff,                )
                                       )
vs.                                    )   Case No.  16-cv-0218-MJR-SCW
                                       )
VIPIN SHAH, SUZANN BAILEY,             )
JACQUELINE LASHBROOK, and JOHN         )
BALDWIN,                               )
                                       )
        Defendants.               )

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### INTRODUCTION

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff filed his complaint against Defendants Vipin Shah, Suzann Bailey, Jacqueline Lashbrook, and John Baldwin, alleging that Bailey, Lashbrook, and Baldwin violated his rights by serving him soy meals which were nutritionally inadequate (Count 1) and that Shah was deliberately indifferent to Plaintiff's concerns regarding a soy diet (Count 2) (Doc. 9). Defendants Bailey, Lashbrook, and Baldwin have filed a summary judgment motion on the basis that Plaintiff failed to exhaust his administrative remedies (Docs. 35 and 36), as has Defendant Shah (Docs. 38 and 39). Plaintiff was provided notice of both motions and was given until October 20, 2016, to file a response (Docs. 37 and 40). Plaintiff has failed

to respond. The Court considers Plaintiff's failure to respond an admission of the facts of Defendants' motions. **SDIL Local Rule 7.1(c).** *See also* ***Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003);** ***Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (a failure to respond constitutes an admission that there are no undisputed material facts).**

### FACTUAL BACKGROUND

As narrowed by the Court's threshold order, Plaintiff brings his claims against Defendants regarding the soy diet he was served while incarcerated at Pinckneyville Correctional Center. (Doc. 9, p. 2). Plaintiff alleges that John Baldwin (as the Director of IDOC), Suzann Bailey, Jaqueline Lashbrook, and Vipin Shah endangered his health by serving him a diet with high amounts of soy. As a result of this soy-based diet, Plaintiff alleges he suffers constipation, stomach pains, gas, and a torn anus. *Id*. Plaintiff alleges that Baldwin, Bailey, and Lashbrook refuse to alter the soy diet despite knowledge of these effects. *Id*. Further, Plaintiff alleges that Shah is deliberately indifferent to the diet, as he only instructs Plaintiff to drink more water and refuses to test his thyroid function. *Id*. Plaintiff alleges that he has made requests to Bailey that she direct Shah to provide Plaintiff with a soy free diet, but instead she told Plaintiff to buy more food from the commissary. *Id*. He alleges that he has written numerous grievances to no avail. *Id*.

In response to Plaintiff's complaint, both the IDOC officials and Shah filed motions for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies against them. Plaintiff's complaint alleges that he filed two grievances on January 20, 2015, which Plaintiff acknowledges were filed before he was

2

transferred to Pinckneyville Correctional Center. (Doc. 1, p. 4-5). He alleges that he filed a later grievance in 2015, but he does not indicate the date when the grievance was filed. *Id*. He also states that after having issues with his stool in March 2015, he spoke with his counselor and the warden, but Lashbrook told him to buy more commissary food. *Id*. Plaintiff did not attach any copies of grievances to his complaint. Defendants note that there are no grievances on record with the ARB. (Doc. 36-2, p. 3; Doc. 39-3). A review of Plaintiff's master grievance file indicates that one grievance was received from Plaintiff, but it was filed in June 2013 while he was housed at Western Illinois Correctional Center and dealt with treatment for grass pollen allergies. (Doc. 39-1). Defendants point out that there is not a record of any grievances regarding a soy diet.

Defendants also have produced a copy of Plaintiff's cumulative counseling summary. (Doc. 39-4, p. 1-3; Doc. 36-1, p. 1-3). A review of that record shows that Plaintiff was not housed at Pinckneyville in January 2015, the month during which he claims he filed grievances about his diet. (Doc. 36-1, p. 1). During that time, Plaintiff was housed at Western Illinois Correctional Center. *Id*. at 2. He did not arrive at Pinckneyville Correctional Center until approximately July 10, 2015. *Id*. at 1. There is evidence that Plaintiff spoke with his counselor on numerous occasions between July 2015 and January 2016, prior to filing this lawsuit. *Id*. The majority of those interactions note that Plaintiff had no issues to address with his counselor. *Id*. There are three instances when his counselor provided him with grievance forms, but there are no entries suggesting that Plaintiff filed any completed grievances. Further, the counselor

noted on two of the three occasions, September 9, 2015, and September 17, 2015, that Plaintiff sought to file grievances related to missing property. *Id*.

**LEGAL STANDARDS**

"Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).** Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").** Exhaustion must occur before the suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Plaintiff cannot file suit then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2005).** If a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, **438 F.3d at 809.**

4

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury and are to be determined by the judge. *Pavey v. Conley*, **544 F.3d 739, 740-41(7th Cir. 2008).** Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. **at 742.**

### A. Illinois Exhaustion Requirements

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code §504.800** *et seq*. The grievance procedures first

5

require inmates to speak with the counselor about their complaint. **20 Ill. Admin. Code §504.810(a).** If the counselor does not resolve the issue, then the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer ... [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code §504.850(a).** "The Administrative Review Board shall submit to the Director a written

6

report of its findings and recommendations." **20 Ill. Admin. Code §504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

## ANALYSIS

The Court notes that Plaintiff has not filed a response, and under its Local Rules, the Court will deem the facts presented by the Defendants to be uncontroverted. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th **Cir. 1995) (a failure to respond constitutes an admission that there are no undisputed**

**material facts).** As there are no disputes of fact, the Court finds that an evidentiary hearing is not needed in this case.

Here, the Court finds that Plaintiff failed to exhaust his administrative remedies against Defendants. Plaintiff alleges that he filed grievances and did not receive a response, but there is no evidence in the record to support his claims. He alleges that he filed two grievances in January 2015, but he also acknowledges that he was not at Pinckneyville during that time period. Plaintiff was housed at Western Illinois Correctional Center at that time, and any grievance filed there could not serve to exhaust claims against Warden Lashbrook and Dr. Shah, as they were not at Western. Further, there is no evidence in the record to indicate Plaintiff filed grievances regarding his soy diet while at Western. The only grievance on record in Plaintiff's master file is from Western and deals with treatment for grass pollen allergies. (Doc. 39-1, p. 1-2). The grievance does not raise any issues regarding a soy diet. Further, ARB records show that Plaintiff has not submitted any grievances regarding his soy diet at any time.

The Court finds no evidence to support his allegations that Plaintiff filed a grievance while at Pinckneyville Correctional Center. Plaintiff's complaint alleges that he suffered from stool issues on March 11 and 29, 2015, and that he later spoke with his counselor and Warden Lashbrook about these issues. But Plaintiff did not transfer to Pinckneyville until July 10, 2015, so he could not have spoken with anyone at Pinckneyville Correctional Center about these issues at the time that they happened. Plaintiff's cumulative counseling summary does not indicate that Plaintiff spoke with

any of his counselors about his issues once he arrived at Pinckneyville. The records indicate that Plaintiff was seen by a counselor on a regular basis and that the majority of the time he had no issues. (Doc. 36-1, p. 1). While Plaintiff did ask for grievance forms from his counselor on three occasions, two of those instances were to report missing property. *Id*. Additionally, there is no indication in the summary that Plaintiff later submitted those completed grievances to the counselor, nor did the ARB receive any grievances at any time from Plaintiff. There is simply no evidence in the record to support Plaintiff's allegations that he tried to exhaust his administrative remedies regarding his soy diet, nor has Plaintiff offered any copies of the grievances he alleges he submitted. As such, the Court finds that Plaintiff did not exhaust his administrative remedies and that Defendants are entitled to summary judgment.

## Conclusion

Accordingly, the Court **GRANTS** the motions for summary judgment filed by Vipin Shah (Docs. 38 and 39) and by Suzann Bailey, Jacqueline Lashbrook, and John Baldwin (Docs. 35 and 36). All claims as to all Defendants are **DISMISSED without prejudice** due to Plaintiff's failure to exhaust his administrative remedies. As no claims remain, all pending settings are **CANCELED.**

**IT IS SO ORDERED**.

DATED: May 3, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**